JS-6  REMAND

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GLORIA MALDONADO, | CV No. 16-07176-RSWL-SSx |
| Plaintiff, | |
| v. | **ORDER Re: PLAINTIFF'S MOTION TO REMAND [16]** |
| WORLDWIDE FLIGHT SERVICES, INC., A DELAWARE CORPORATION; AND DOES 1 THROUGH 20, INCLUSIVE, | |
| Defendant. | |

## I. INTRODUCTION

Currently before the Court is Plaintiff Gloria Maldonado's ("Plaintiff") Motion to Remand ("Mot.") this Action to State Court [16].  The Court, having reviewed all papers and arguments submitted pertaining to this Motion, **NOW FINDS AND RULES AS FOLLOWS:** Plaintiff's Motion to Remand [16] is **GRANTED.**

///

## II. BACKGROUND

### A. Factual Background

Plaintiff was hired as an employee by Defendant in July 2005. Compl. ¶ 15. Plaintiff alleges she was wrongfully terminated on or about October 12, 2015. Id. Plaintiff argues she suffered several injuries to her body as a result of repetitive movement of lifting heavy boxes and bending. Id. at ¶ 17. Plaintiff fell in her shower on April 21, 2013 as a result of these injuries and her doctor placed her on disability on April 22, 2013. Id. at ¶¶ 18-19. Plaintiff provided Defendant's human resources representative, Monica Ramirez, all of her relevant doctors' notes. Id. at ¶ 20.

Defendant discriminated against Plaintiff by terminating her because of her disability and request for accommodations. Id. at ¶ 22. Plaintiff alleges she is entitled to damages for pain and emotional distress, anxiety, depression, headaches, tension, medical expenses, expenses for psychological counseling and treatment, past and future lost wages and benefits, commissions, benefits and loss or diminution of earning capacity. Id. at ¶¶ 27-28.

Plaintiff's causes of action are for discrimination and retaliation in violation of California Government Code § 12940, failure to prevent discrimination and retaliation in violation of California Government Code § 12940(k), failure to provide reasonable

accommodations in violation of California Government Code § 12940(m), failure to engage in a good faith interactive process in violation of California Government Code § 12940(n), and wrongful termination in violation of public policy.  Id. at ¶¶ 31-85.

**B.   Procedural Background**

On August 22, 2016, Plaintiff filed a Complaint with the Los Angeles Superior Court [1-1].  On September 23, 2016, Defendant filed a Notice of Removal from Los Angeles Superior Court to this Court [1].  On September 30, 2016, Defendant filed an Answer to the Complaint [8].  On October 21, 2016, Plaintiff filed a Motion to Remand the Action to Los Angeles Superior Court [16].  On November 1, 2016, Defendant filed its Opposition [17].  On November 8, 2016, Plaintiff filed its Reply [18].

## III. DISCUSSION

**A.   Legal Standard**

1.   Motion to Remand

Removal to federal court is governed by 28 U.S.C. § 1441, which in relevant part states that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants." Original jurisdiction may be based on diversity or the existence of a federal question, as set forth in 28 U.S.C. §§ 1331 and 1332.  District courts have diversity jurisdiction over all civil actions between

citizens of different states where the amount in controversy exceeds $75,000, exclusive of interest and costs.   28 U.S.C. § 1332.

Section § 1446(b) governs the timing of removal. If the case stated by the initial pleading is "removable on its face," then a defendant has thirty days from receipt of the pleading to remove the case. Carvalho v. Equifax Info. Servs., LLC, 629 F.3d 876, 885 (9th Cir. 2010) (quoting Harris v. Bankers Life & Cas. Co., 425 F.3d 689, 694 (9th Cir. 2005)).   If, however, no basis for removal is apparent in that pleading, the requisite thirty-day removal period does not begin until the defendant receives "a copy of an amended pleading, motion, order or other paper" from which removability may first be ascertained.   28 U.S.C. § 1446(b).

The Court may remand a case to state court for lack of subject matter jurisdiction or defects in removal procedure.   28 U.S.C. § 1447(c).   The party seeking removal bears the burden of establishing federal jurisdiction.   See Ethridge v. Harbor House Rest., 861 F.2d 1389, 1393 (9th Cir. 1988).   Generally, on a motion to remand, the opposing party has the burden of proving by a preponderance of evidence that diversity jurisdiction exists.   Gaus v. Miles, Inc., 980 F.2d 564, 565-67 (9th Cir. 1992) (holding opposing party must prove by a preponderance of evidence that the amount in controversy exceeded $50,000).   If at any

4

time before final judgment it appears that the district court lacks subject matter jurisdiction over a case that has been removed to federal court, the case must be remanded.  28 U.S.C. § 1447(c).  The removal statute is construed against removal jurisdiction, and federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.  See Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09 (1941) (stating that removal statutes should be construed narrowly in favor of remand to protect jurisdiction of state courts).

**B. Analysis**

      1.   Plaintiff's Motion to Remand is Granted Because Defendant Has Not Met its Burden in Establishing the Amount in Controversy Exceeds $75,000

Where a complaint is unclear or ambiguous about the amount in controversy, the court applies a preponderance of the evidence standard that requires the removing defendant to establish that it is more likely than not that the amount in controversy requirement is settled.  Guglielmino v. McKee Foods Corp., 506 F.3d 696, 699 (9th Cir. 2007) (quoting Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 404 (9th Cir. 1996)).  In determining whether the jurisdictional minimum is met, courts may consider punitive damages, statutory penalties, and attorney's fees.  See Hunt v. Washington State Apple Adver.

Comm'n, 432 U.S. 333, 347-48 (1977); <u>Galt G/S v. JSS</u>
<u>Scandinavia</u>, 142 F.3d 1150, 1155-56 (9th Cir. 1998);
<u>Anthony v. Sec. Pac. Fin. Servs., Inc.</u>, 75 F.3d 311,
315 (7th Cir. 1996).

A district court may accept certain post-removal
admissions in its discretion as determinative of the
amount in controversy.  <u>Davis v. Chase Bank U.S.A.,</u>
<u>N.A.</u>, 453 F. Supp. 2d 1205, 1208 (C.D. Cal. 2006)
(quoting <u>Sanchez</u>, 102 F.3d at 404).  Courts have
treated evidence in an opposition to a motion to remand
as an amendment to a notice of removal and considered
its contents in determining the amount in controversy.
<u>Cohn v. Petsmart, Inc.</u>, 281 F.3d 837, 840 n.1 (9th Cir.
2002).

In Defendant's Notice of Removal, Defendant asserts
there are no statutory caps for compensatory and
punitive damages for employment actions pursuant to
California Government Code § 12940, that attorney's
fees may be considered in determining the amount in
controversy, and that Plaintiff did not respond to
Defendant's letter sent on September 21, 2016 asking
Plaintiff to stipulate that the damages sought were
less than $75,000, proving Plaintiff is seeking damages
in excess of $75,000.  Def.'s Not. Of Removal ¶¶ 7-8.
Defendant's Opposition goes into greater detail how the
Action exceeds the jurisdictional requirement by
calculating Plaintiff's potential back and front pay,
emotional distress and punitive damages, and attorney's

fees total at least $195,700.  Def.'s Opposition ("Opp'n") 16:5-18.

> a.  *Plaintiff's Potential Back and Front Pay Award Does Not Satisfy the Amount in Controversy Requirement*

Defendant argues that Plaintiff's request for lost wages alone is sufficient to meet the amount in controversy jurisdictional requirement.  Opp'n 9:20-21. Back pay is estimated by multiplying Plaintiff's daily wage rate with the number of hours Plaintiff approximately worked per week, and multiplying that total by the number of workdays from the date of termination to the date of removal.  Id. at 8:25-27. Defendant asserts it was nearly twelve months from the date Plaintiff was laid off to the date of removal and using her $15.76 per hour rate for a 25 hour work week, Plaintiff's potential back pay is $19,300.  Id. at 9:1-5.  However, Plaintiff argues (which was not noted in Plaintiff's Motion to Remand), that Plaintiff has been working since February 1, 2016, and that would need to be considered in determining the amount of back pay Plaintiff would potentially be entitled to receive. Reply 5:12-14.  Any mitigation should be considered in determining the amount in controversy.  Melendez v. HMS Host Family Restaurants, Inc., No. CV 11-3842-ODW (CWX), 2011 WL 3760058, at *2 (C.D. Cal. Aug. 25, 2011) ("Because the Court is inclined to consider such mitigating evidence, Plaintiff's evidence of the amount

totaling her disability benefits will reduce the amount in controversy for purposes of this motion"); see Lamke v. Sunstate Equip. Co., 319 F. Supp. 2d 1029, 1033 (N.D. Cal. 2004) (holding that in order to determine the amount in controversy, a court may consider facts regarding mitigation of damages under the preponderance of the evidence test).  Here, Plaintiff's potential back pay award would be $9,500.[1]

Defendant estimates a front pay award to include three years of pay that would total $61,400.  Opp'n 9:14-18.  Plaintiff argues that front pay is highly speculative since it is unclear when the case would go to trial and in any event even accepting Defendant's calculation of three years, there would need to be mitigation since Plaintiff is working, which would reduce the potential front pay award to $14,664.  Pl.'s Reply ("Reply") 5:18-19.

Courts are split as to whether front pay is appropriate to consider in determining the amount in controversy.  Compare Fortescue v. Ecolab Inc., No. CV 14-0253-FMO (RZX), 2014 WL 296755, at *2 (C.D. Cal.

---

[1] Plaintiff was paid $15.76 per hour and worked approximately 25 hours per week. Opp'n 9:2-5.  Plaintiff was laid off October 12, 2015 and the Notice of Removal was filed on September 23, 2016, approximately 50 weeks later.  See Def.'s Not. Of Removal, Ex. A at ¶ 15.  Therefore, Plaintiff's potential back pay before mitigation is ($15.76 x 25)(50) = $19,700. Plaintiff has worked since February 1, 2016 earning approximately $300 per week.  Reply 5:12-14.  This total mitigation $300 x 34 weeks = $10,200, would need to be subtracted from Plaintiff's total potential back pay.  The total potential back pay Plaintiff can recover to $19,700 - $10,200 = $9,500.

Jan. 28, 2014) (internal citations omitted) (holding a
calculation for front pay is speculative and the amount
in controversy should be determined at the time of
removal, not at the time of a hypothetical trial date),
with <u>Terrell v. Brinker Int'l, Inc.</u>, No. EDCV 161201-GW
(KKx), 2016 WL 4224962, at *1 (C.D. Cal. Aug. 8, 2016)
(allowing front pay to be included in the calculation
in determining the amount in controversy).  Given this
split, even if the Court were to entertain Defendant's
position in including front pay (which the Court
ultimately believes it is too speculative to do so
especially with Defendant's three year calculation),
that would still not be sufficient to meet the amount
in controversy after the mitigating factors are also
considered.  Accepting Defendant's estimate of front
pay for three years, Plaintiff would only be entitled
to front pay in the amount of $14,664 once her new job
is taking into consideration.[2]  Therefore, the total
potential back and front pay would only be $24,164 and
is not sufficient for Defendant to meet its burden in
establishing the amount in controversy exceeds $75,000.
///
///

---

[2] If Plaintiff were to recover three years of front pay,
that would be ($15.76 x 25)(156) = $61,464.  Subtracting
Plaintiff's pay from her new job $300 x 156 = $46,800,
Plaintiff's potential front pay (if the Court were to include
this in determining the amount in controversy) would be $61,464 –
$46,800 = $14,664.

b.  *Emotional Distress and Punitive Damages*
    *are not Sufficient to Satisfy the Amount*
    *in Controversy Requirement*

In determining the amount in controversy, courts may include emotional distress and punitive damages if a plaintiff may recover them under the applicable law. Castanon v. Int'l Paper Co., No. 2:15-CV-08362-ODW (JC), 2016 WL 589853, at *4 (C.D. Cal. Feb. 11, 2016); Gibson v. Chrysler Corp., 261 F.3d 927, 947 (9th Cir. 2001).  Under FEHA, a Plaintiff may recover emotional distress and punitive damages for wrongful termination. Id.; Cal. Gov't Code § 12940; Ponce v. Medical Eyeglass Center, Inc., No. 2:15 CV-04035-CAS (JEMX), 2015 WL 4554336, at *4 (C.D. Cal. July 27, 2015); Kroske v. U.S. Bank Corp., 432 F.3d 976, 980 (9th Cir. 2005).  A defendant may show jury verdicts in other analogous cases in supporting the amount of emotional distress damages that should be included in determining the amount in controversy.  Cain v. Hartford Life & Accident Ins. Co., 890 F. Supp. 2d 1246, 1250 (C.D. Cal. 2012); Kroske, 432 F.3d at 980.

The cases Defendant cites to in establishing emotional distress and punitive damages are distinguishable from the present case in determining the potential emotional distress and punitive damages award.  In Amigon v. Cobe Color Cosmetics, No. BC 378685, 2009 WL 749138 (Cal. Super. Ct. Apr. 15, 2009), the jury awarded $25,000 in emotional distress and

10

$52,000 in punitive damages where plaintiff alleged discrimination because she took pregnancy-related leave.   In <u>Espinoza v. Cnty. of Orange</u>, No. 30200900110643, 2009 WL 6323832 (Cal. Super. Ct. Oct. 8, 2009), the jury awarded $500,000 in emotional distress damages, where plaintiff suffered severe harassment and mistreatment due to a physical disability.   In <u>Weyhe v. Wal-Mart Stores, Inc.</u>, No. G041362, 2010 WL 341162 (Cal. Super. Ct. Feb. 1, 2010), the jury awarded $400,000 to a plaintiff for retaliation in regards to his diabetic condition. These cases are distinguishable because their factual bases are not analogous enough to the present case to correctly rely on in determining the potential emotional distress and punitive damages award.

Defendant also cites to two cases decided in this Court, finding that emotional distress and punitive damages were substantial enough to satisfy the amount in controversy requirement.   In <u>Hurd v. Am. Income Life Ins.</u>, No. CV-13-05205-RSWL (MRWx), 2013 WL 557073, at *1 (C.D. Cal. Oct. 10, 2013), the plaintiff was on leave due to a work-related injury and alleged she was called by her supervisors demanding her medical leave status.   Once she was diagnosed with cancer, defendants told plaintiff they could not hold her position open for her.   <u>Id.</u>   This case can be distinguished from the current case because here, there is no claim that Plaintiff's job was not held for her because she was

diagnosed with cancer, nor is there a claim that
Defendant constantly called Plaintiff demanding status
of her medical leave.   Additionally, in Vasquez v.
Arvato Digital Servs., LLC, No. CV-11-02836-RSWL
(AJWx), 2011 WL 2560261 (C.D. Cal. June 27, 2011), the
plaintiff had a claim for intentional infliction of
emotional distress which increased her potential
recovery for emotional distress damages.   Here,
Plaintiff does not have a claim for intentional
infliction of emotional distress.   Both of these cases
can be distinguished from the case at hand given their
different factual disputes and causes of action.   As it
is Defendant's burden to establish that the emotional
distress and punitive damages award in combination with
all other factors satisfies the jurisdictional
requirement, the Court need not cite to cases that
support either party in calculating potential recovery
for emotional distress and punitive damages.   Defendant
has failed to meet its burden in establishing the
emotional distress and punitive damages potential
award, when combined with other factors, meets the
jurisdictional amount of $75,000.

      c.   *Attorney's Fees May be Calculated in*
          *Determining the Amount in Controversy*

Under FEHA, California Government Code § 12965,
attorney's fees are recoverable by the prevailing party
and therefore may be considered in assessing the amount
in controversy for removal purposes.   Simmons v. PCR

1  <u>Technology</u>, 209 F. Supp. 2d 1029, 1034 (N.D. Cal.

2  2002).  Defendant argues that Plaintiff's own

3  admission—that its hourly rate of $400 and the fact

4  that Plaintiff incurred $4,400 in fees in just drafting

5  and defending this Motion—is evidence that the

6  attorney's fees will aid in meeting the jurisdictional

7  requirement.  Opp'n 14:1-11.  Defendant states that

8  courts have noted that parties in employment cases

9  expend between 100-300 hours, and utilizing that

10  calculation in the present case, would bring the total

11  possible attorney's fees for Plaintiff anywhere from

12  $40,000-$120,000.  <u>Id.</u> at 11:12-22.  Plaintiff argues

13  that the better position that other courts have taken

14  is that attorney's fees should only be calculated up to

15  the time of removal because fees up to the trial date

16  are speculative.  Reply 7:6-21.

17      Indeed, this Court and other courts in this

18  district agree with Plaintiff's position that while the

19  Ninth Circuit has not determined whether attorney's

20  fees included in the amount in controversy are accrued

21  or only calculated up until the time of removal, "the

22  better view is that attorneys' fees incurred after the

23  date of removal are not properly included because the

24  amount in controversy is to be determined as of the

25  date of removal." <u>Rindels v. Tyco Integrated Sec.,</u>

26  <u>LLC</u>, No. CV 14-6536-RSWL (CWx), 2015 WL 469013, at *3

27  (C.D. Cal. Feb. 4, 2015); <u>Davis v. Staples, Inc.</u>, No.

28  CV 13-8937-FMO (PLAX), 2014 WL 29117, at *3 (C.D. Cal.

Jan. 3, 2014) (quoting <u>Dukes v. Twin City Fire Ins.</u>
<u>Co.</u>, No. CV-09-2197-PHX (NVW), 2010 WL 94109, at *2 (D.
Ariz. 2010)).

Plaintiff states that it expended $4,400 in
opposing Defendant's removal and seeking remand.  Reply
8:8-12.  As such, Defendant has failed to establish by
a preponderance of the evidence that it is more likely
than not that Plaintiff's attorney's fees up to the
date of removal, September 23, 2016, are so significant
to help satisfy the required $75,000 jurisdictional
amount in controversy.

> d.  *Plaintiff's Refusal to Stipulate to*
> *Damages Sought is Not Sufficient for a*
> *Conclusive Finding that the Amount in*
> *Controversy Requirement is Satisfied*

Defendant sent Plaintiff a letter before its Notice
of Removal asking Plaintiff to advise if she was
seeking damages less than $75,000 exclusive of interest
and costs and if so, if Plaintiff would stipulate to
this.  Def.'s Not. Of Removal, Ex. B.  Plaintiff did
not respond to this letter, and Defendant argues, this
shows that Plaintiff is seeking damages in excess of
$75,000.  <u>Id.</u> at ¶ 8.

A refusal to stipulate to the amount of damages, by
itself, does not conclusively establish the amount in
controversy.  <u>Morella v. Safeco Ins. Co. Of Ill.</u>, No.
2:12-cv-00672-RSL, 2012 WL 2903084, at *1 (W.D. Wash.
July 16, 2012).  It is a factor that may be considered

in determining if the jurisdictional amount in controversy is met. Schudy v. Gordon, No. 06-00136-CV-W-DW, 2006 WL 859279, at *1 (W.D. Mo., Mar. 28, 2006).  In this case, the Court finds it is a factor that does not sway the Court's ultimate decision in determining that the jurisdictional requirement is not met, because a plaintiff should not be required to agree to an amount of damages it is seeking. Conrad Assocs. v. Hartford Accident & Indem. Co., 994 F. Supp. 1196, 1199 (N.D. Cal. 1998) (holding "since a defect in subject matter jurisdiction cannot be stipulated to or waived, attempting to force the plaintiff to enter a stipulation regarding the potential amount of damages would serve no effect in determining the actual amount in controversy at the time of removal"); Bassel v. 4Access Communications Co., No. 07-CV-2346-L (JMA), 2008 WL 2157005, at *3 (S.D. Cal. May 21, 2008).  While courts have concluded that a plaintiff's refusal to stipulate to the amount in controversy is a factor for purposes of determining a motion to remand, courts in this circuit have more often than not rejected the proposition that a refusal to stipulate is conclusive in finding the amount in controversy is met.  Schiller v. David's Bridal, Inc., No. 1:10-CV-00616-AWI, 2010 WL 2793650, at *4-5 (E.D. Cal. July 14, 2010).  Plaintiff did refuse to stipulate to the damages in this Action, and while the Court considers this in its determination, it finds this alone is not sufficient to

15

satisfy Defendant's burden of establishing by a
preponderance of the evidence that the amount in
controversy exceeds $75,000.

Since any doubt regarding the existence of subject
matter jurisdiction must be resolved in favor of
remanding the action to state court, see Gaus, 980 F.2d
at 566, the Court finds Defendant has not met its
burden of proving by a preponderance of the evidence
that it is more likely than not the amount in
controversy meets the $75,000 threshold.  See Matheson
v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090
(9th Cir. 2003) ("[w]here doubt regarding the right to
removal exists, a case should be remanded to state
court.")  Taking all of the above into consideration,
Defendant has failed to prove by a preponderance of the
evidence that the jurisdictional requirement for the
amount in controversy is satisfied, and this Action is
to be remanded back to State Court.

    2.   Plaintiff is Not Entitled to Costs and
         Attorney's Fees in Filing the Motion to Remand

Plaintiff requests costs and attorney's fees
pursuant to 28 U.S.C. § 1447(c) in opposing Defendant's
removal and seeking remand of this Action.  Reply 6:15-
23.  Plaintiff also requests these costs and fees as
sanctions pursuant to Federal Rules of Civil Procedure
11 for Defendant's alleged frivolous, vexatious, or bad
faith litigation conduct in filing a Notice of Removal
which Defendant knew lacked merit.  Id. at 6:24-27.

"An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  28 U.S.C. § 1447(c).

Courts should award attorney's fees under 28 U.S.C. § 1447(c) "only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." Martinez v. Michaels, No. CV 15-02104-MMM (EX), 2015 WL 4337059, at *10 (C.D. Cal. July 15, 2015) (quoting Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005)).  Just because a court ultimately decides a removal lacks merit, that by itself is not sufficient for a finding the removal lacked an objectively reasonable basis.  Id.; see Lussier v. Dollar Tree Stores, Inc., 518 F.3d 1062, 1065 (9th Cir. 2008).

The Court finds Defendant did not act frivolously in removing this Action to federal court.  While the Court has decided it lacks subject matter jurisdiction, the Court does not find Defendant acted in a frivolous manner in removing the Action to this Court to warrant an award of costs and fees to Plaintiff.  Defendant did set forth cases and arguments in support of its Removal, despite this Court's decision to conclude otherwise.  See Morales v. Gruma Corp., No. CV 13-7341-CAS (FFMx), 2013 WL 6018040, at *6 (C.D. Cal. Nov. 12, 2013) (holding while Defendant's removal was not

persuasive, attorney's fees were not warranted). Plaintiff's request for attorney's fees in bringing this Motion is **DENIED.**

### IV. CONCLUSION

Accordingly, the Court **GRANTS** Plaintiff's Motion to Remand [16] and Remands this Action back to the Superior Court of California for the County of Los Angeles, Central District, Case No. BC631411. The Court **DENIES** Plaintiff's Request for attorney's fees.

**IT IS SO ORDERED.**

DATED: December 21, 2016      s/ RONALD S.W. LEW

**HONORABLE RONALD S.W. LEW**
Senior U.S. District Judge

18